**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ELLIS SKOGLUND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-386** |
| **PROCUREMENT SERVICES (DELAWARE) INC.** | **SECTION: "B"(4)** |

## ORDER AND REASONS

Defendant Procurement Services (Delaware) Inc. filed a motion to dismiss Plaintiff's claims on the grounds of forum non conveniens and improper venue based on a forum-selection clause in plantiff's employment agreement. Rec. Doc. 17. Plaintiff timely filed an opposition. Rec. Doc. 21. Defendant then sought, and was granted, leave to file a reply. Rec. Doc. 29. Plaintiff sought leave to file a surreply but was denied. Rec. Doc. 33.

For the reasons discussed below,

**IT IS ORDERED** that Defendant's motion to dismiss is **GRANTED** and Plaintiff's claims against Defendant are **DISMISSED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts pertinent to this motion are laid out in greater detail in the recent order and reasons issued on the motion to dismiss filed by the remaining Petrosaudi defendants. They are adopted here in support of the instant order and reasons and summarized briefly. Plaintiff Ellis Skoglund filed a complaint against defendant Procurement Services (Delaware) Inc. and the remaining PetroSaudi defendants in this case, alleging negligence

1

under the Jones Act. Rec. Doc. 1. Plaintiff was employed as a deck foreman aboard a PetroSaudi drillship located in waters off Venezuela. Id. Plaintiff alleges that he was injured while working below deck because of negligence by defendants or their employees and therefore they are liable as his Jones Act employers. Id.

Defendant Procurement Services (Delaware) Inc. submitted the instant motion to dismiss on the grounds of forum non conveniens, alleging that plaintiff's employment agreement contains a valid and enforceable forum-selection clause identifying the courts of England and Wales as the proper forum for adjudication. Rec. Doc. 17. Plaintiff filed a response asserting that the forum-selection clause is not valid and enforceable for the same reasons laid out by the PetroSaudi defendants in their motion to dismiss (Rec. Doc. 16), which are that the forum-selection clause and choice of law clause operate as an impermissible prospective waiver of statutory rights and that it was a result of fraud, undue influence, and unequal bargaining power. Rec. Doc. 21. Furthermore, plaintiff asserts that it is not clear that the forum-selection clause is the type of right or obligation that can be enforced under the Third Party Rights clause of the agreement, and therefore the agreement should be construed in plaintiff's favor. Id. at 4.

**LAW AND ANALYSIS**

The forum-selection clause contained in plaintiff's employment agreement is valid. The arguments concerning the

2

enforceability and validity of the forum-selection clause at issue in the instant motion were considered in depth in the recent order and reasons on the PetroSaudi defendants' motion to dismiss. In summary, forum-selection clauses are presumptively valid and enforceable in admiralty cases, and defendant's arguments concerning unequal bargaining power and a prospective waiver of statutory rights are not sufficient to overcome this presumption. Therefore, for the reasons given in the recent order, the forum-selection clause is valid and enforceable and would warrant dismissal pursuant to the doctrine of forum non conveniens.

The remaining issue is only whether this defendant may enforce the forum-selection clause as a third-party. This Court finds that defendant is entitled to enforce the forum-selection clause pursuant to the Third Party Rights paragraph in the employment agreement. The Third Party Rights paragraph of the employment agreement states that any "Group Company" is entitled to enforce "any rights and obligations" under the agreement. See Rec. Doc. 17-1 at 3. The Agreement defines "Group Company" to include any subsidiary, and defendant asserts that it is a wholly-owned subsidiary of PetroSaudi Oil, as supported by the sworn affidavit of Timothy Myers, the president of PetroSaudi Oil. See Rec. Doc. 17-2 at 2. Therefore, the issue turns on whether the forum-selection clause is a right or obligation that can be then enforced by defendant. Plaintiff's sole textual argument for why the forum-

3

selection clause should not be considered a right or obligation to be enforced is the inclusion of an explanatory parenthetical phrase in the Third Party Rights paragraph. The paragraph states that "any Group Company shall be entitled to enforce any rights and obligations (*including but not limited to you breaching your obligations in respect of using Confidential Information*)." Rec. Doc. 17-1 at 3. The fact that the restriction on the use of confidential information was included as an example of a right and obligation that can be enforced by a third-party does not mean that it is the only right and obligation that can be enforced. The parenthetical specifically states the rights and obligations covered by the paragraph are "not limited to" the one example provided. Therefore, plaintiff's textual argument for not enforcing the forum-selection clause is unpersuasive. The forum-selection clause states that each party "irrevocably agrees to submit to the exclusive jurisdiction of the courts of England and Wales." Rec. Doc. 17-2 at 21. This language places an obligation on each party to bring all claims in a specific forum, and therefore defendant is entitled to enforce it as a "Group Company".

Additionally, plaintiff's argument that forum-selection clauses should not be enforced in suits by American seamen against American companies is not supported by caselaw. Plaintiff cites to a single case from the Southern District of Texas, *Boutte v. Cenac Towing,* as support for his argument. Rec. Doc. 21 at 5. In *Boutte,*

4

the district court in Texas held that forum-selection clauses in employment contracts between American seamen and American companies are unenforceable under the Jones Act. *See Boutte v. Cenac Towing, Inc.,* 346 F.Supp.2d 922 (S.D. Tex. 2004). The court in *Boutte* reasoned that forum-selection clauses were unenforceable in Fair Employers' Liability Act ("FELA") claims and therefore must also be unenforceable in Jones Act claims involving American seamen and American companies. *Id.* However, the Fifth Circuit called this holding into question in *Terrebonne v. K-Sea Transp. Corp,* where it ruled that the venue provisions of the FELA do not apply to the Jones Act as the Jones Act includes its own venue provision. *See Terrebonne v. K-Sea Transp. Corp,* 477 F.3d 271, 281 (5th Cir. 2007). Although the Jones Act was amended in 2008 to eliminate its venue provision, subsequent district courts to consider the issue, including this one, have continued to find that the FELA venue provisions do not apply to the Jones Act. *See Brister v. ACBL River Operations LLC,* 2018 WL 746390 (E.D. La. Feb. 7, 2018) (finding plaintiff's argument that the FELA's prohibition on forum-selection clauses applies to the Jones Act to be without merit, especially in light of recent federal jurisprudence holding that FELA's venue provisions do not apply in the Jones Act); *Utoafili v. Trident Seafoods Corp,* 2009 WL 6465288 (N.D. Ca. Oct 19, 2009) (finding no basis for concluding that Congress intended for FELA's venue provisions to be read into the

5

current version of the Jones Act after reviewing the legislative history of the Jones Act amendments). Therefore, plaintiff's argument that this court should follow *Boutte* and incorporate the venue provisions of the FELA into the Jones Act is not convincing. This Court finds that the forum selection clause is valid and enforceable for the foregoing reasons.

Defendant raises new arguments in its reply to plaintiff's opposition concerning its status as a Jones Act employer and plaintiff's invocation of admiralty jurisdiction pursuant to Rule 9(h) that the Court does not consider at this time. Rec. Doc. 29 at 1. The instant motion to dismiss was filed by defendant solely on the grounds of forum non conveniens based on the forum-selection clause in the employment agreement. Defendant did not raise any other arguments until the noted reply memorandum. It will not be considered at this stage in view of rulings here on other issues.

New Orleans, Louisiana, this 20th day of November, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE